# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1410V
Filed: April 16, 2018
Not to be Published.

**************************************

CHARLES A. YANCEY,      *

     *

       Petitioner,      *

     *      Influenza ("flu") vaccine;

v.      *      autoimmune limbic encephalitis;

     *      no expert; motion to dismiss

SECRETARY OF HEALTH      *

AND HUMAN SERVICES,      *

     *

       Respondent.      *

     *

**************************************

E.A. Apffel, III, League City, TX, for petitioner.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On October 27, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine he received on October 29, 2013 caused him autoimmune limbic encephalitis ("AILE"). Pet. Preamble.

On October 4, 2017, the undersigned issued an Order giving respondent until December 4, 2017 to file his Rule 4(c) Report and petitioner until January 10, 2018 to file an expert report.

On November 28, 2017, respondent moved for an extension of time until February 2, 2018 to file a Rule 4(c) Report. The undersigned granted respondent's motion and also extended

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

the deadline for petitioner to file a medical expert report until March 12, 2018.

On February 5, 2018, the undersigned granted respondent's informal motion for an extension of time to file a Rule 4(c) Report until February 9, 2018.

On February 9, 2018, respondent filed a Rule 4(c) Report recommending against a finding of entitlement because petitioner had not filed an expert report in support of his allegation. Resp't's Rep., at 11.

On March 12, 2018, the undersigned granted petitioner's informal motion for an extension of time until April 12, 2018 to file an expert report.

On April 12, 2018, petitioner's counsel's assistant contacted the undersigned's law clerk to say that petitioner could not find an expert to support his allegation and asked for assistance in appropriately ending the case. The undersigned issued an Order for petitioner to file one of the following by April 16, 2018: (1) a motion to dismiss; (2) a motion for a ruling on the record; or (3) a motion for the undersigned to issue an Order Concluding Proceedings under Vaccine Rule 21(a)(1).

On April 15, 2018, petitioner filed a motion to dismiss on the basis that he does not have an expert report to support his allegation.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case for failure to prove a prima facie case of causation in fact.

## Medical Records

On October 29, 2013, petitioner received flu vaccine. Med. recs. Ex. 4, at 10, 11.

On October 29, 2013, petitioner saw one of his personal care physicians at Clear Lake Family Physicians, Dr. Joe Pouzar, and told Dr. Pouzar that his allergies started one to two months previously. The pattern seemed to be seasonal. He had an itchy nose, sneezing, runny nose, post-nasal drip, and congestion. Med. recs. Ex. 4, at 9. Dr. Pouzar diagnosed petitioner with allergic rhinitis. Id. at 10.

On December 11, 2013, petitioner saw another of his personal care physicians at Clear Lake Family Physicians, Dr. Robert Lingamfelter. Id. at 12. He complained of an acute cough which had been present for two weeks. He also had chest tightness, wheezing, body aches, subjective fever (his temperature in the office was 98 degrees), and nasal discharge, but he was not in apparent distress. Id. at 12-13. Dr. Lingamfelter diagnosed petitioner with cough and acute bronchitis. Id. at 13.

On December 13, 2013, petitioner saw Dr. Pouzar again, complaining of chest pain and hot flashes. He had insomnia for the prior week. Also one week previously, he had precordial

chest pain, with cough, occasional diaphoresis, and abdominal pain.  Id. at 14.

On December 27, 2013, petitioner saw Dr. Pouza, complaining of weakness and insomnia.  His symptoms were progressive over the last couple of weeks.  He had intense fatigue, clouded thinking, muscles weakness, difficulty walking, inability to concentrate, high blood pressure, anxiety and depression.  Id. at 16.

Ultimately, petitioner was diagnosed with AILE.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical
> sequence of cause of and effect showing that the vaccination was
> the reason for the injury [,]" the logical sequence being supported
> by a "reputable medical or scientific explanation[,]" i.e., "evidence
> in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioner must show not only that but for flu vaccine, he would not have AILE, but also that flu vaccine was a substantial factor in causing his AILE.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion. The medical records do not support petitioner's allegation.

The Federal Circuit in Capizzano v. Sec'y of HHS, 440 F.3d 1317, 1326 (Fed. Cir. 2006), emphasized that the special masters are to evaluate seriously the opinions of petitioner's treating doctors since "treating physicians are likely to be in the best position to determine whether a logical sequence of cause and effect show[s] that the vaccination was the reason for the injury." See also Broekelschen v. Sec'y of HHS, 618 F.3d 1339, 1347 (Fed. Cir. 2010); Andreu v. Sec'y of HHS, 569 F.3d 1367, 1375 (Fed. Cir. 2009).  None of petitioner's treating physicians supports

3

petitioner's allegation that flu vaccine caused his AILE.

Petitioner has not filed a medical expert opinion in support of his allegation.

Petitioner filed a Motion to Dismiss.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition.

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  April 16, 2018                                                     /s/ Laura D. Millman
                                                                          Laura D. Millman
                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.